UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ADAM J. JOHNSON,

    Plaintiff,

v.                                          Case No: 2:13-cv-500-FtM-38UAM

MIKE SCOTT, THOMAS W. COLE
and UNKNOWN SHERIFFS
DEPUTY(S),

    Defendants.
_____/

## **ORDER**[1]

This matter comes before the Court on Defendants' Motion to Dismiss (Doc. #10) filed on September 23, 2013. Plaintiff has filed a response in opposition. (Doc. #14). The Motion is fully briefed and ripe for the Court's review.

## **BACKGROUND**

Plaintiff Adam J. Johnson is a resident of Fort Myers, Florida within Lee County Florida. (Doc. #1, ¶1). Defendant Mike Scott is the Lee County Sheriff (Doc. #1, ¶3), Defendant Thomas W. Cole and Defendant Unknown Sheriff Deputy(s) were deputies at all times relevant. (Doc. #1, ¶¶4-5). Plaintiff filed his four count Complaint on July 9,

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

2013, alleging violations of his constitutional rights under 42 U.S.C. § 1983, and various state law claims arising out of the arrest and subsequent detention of Plaintiff by Defendants.

The Complaint alleges on or about October 29, 2009, Defendants negligently investigated a burglary. (Doc. #1, ¶¶15, 32). This burglary encompassed the theft of personal property including several firearms. (Doc. #1, ¶15). Defendants arrested several suspects and then recorded their interviews with these suspects. (Doc. #1,¶16). A witness was shown a picture lineup of white males that included a picture of Plaintiff. (Doc. #1, ¶17). However, Plaintiff was distinctly represented in this picture lineup because Plaintiff's picture contained his face but not his shoulders unlike the other pictures.[2] (Doc. #1, ¶17). Also, the lineup picture of Plaintiff filed in the investigative file was circled as if Plaintiff was identified by a witness during the lineup. (Doc. #1, ¶18). Plaintiff asserts video evidence reveals Plaintiff was not identified during this lineup process. (Doc. #1, ¶18).

Defendant Thomas W. Cole "issued" a warrant for the arrest of Plaintiff after learning that an individual with the name "Adam" was seen loading stolen property on his truck. (Doc. #1, ¶16). Thereafter, Plaintiff was arrested at home, placed inside a Sherriff's cruiser, and held in jail. (Doc. #1, ¶¶16, 22). Plaintiff was released from jail after a month and eventually his charges were deemed *nolle prosequi*. (Doc. #1,¶19).

The four counts in the Complaint are as follows: Count I - Violation of Civil Rights Pursuant to 42 U.S.C. § 1983 against all Defendants; Count II – False Imprisonment

---

[2] The Court assumes that Plaintiff intended to say "emphasizing the Plaintiff for the witness" instead of saying, "The picture of his face was larger than the rest of the others in the lineup because it only contained his face and not his shoulders as the rest of the pictures, thereby emphasizing the Defendant for the witness." (Doc. #1, ¶17).

against all Defendants; Count III – Negligence against all Defendants; and Count IV – Negligent Hiring and Training against Defendant Scott as Sheriff. Defendants seek to dismiss all four counts.

**DISCUSSION**

When deciding a motion to dismiss under Federal Rule 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiffs. Christopher v. Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002). Under Rule 8, stating a claim upon which relief may be granted requires that enough factual matter is pled to make relief plausible. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 561–63, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (aboragating Conley v. Gibson, 355 U.S. 41, 45–46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Although detailed factual allegations are not required, a plaintiff's obligation to provide the "grounds" of his "entitlement" to relief requires more than labels, conclusions, and a formulaic recitation of the cause of action's elements. Id. at 561–63. Thus, a complaint must state more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1268 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 677, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)).

Additionally, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of the allegations. Id. (citing Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005)). Accordingly, the facts as pled must state a claim for relief that is plausible on the face of the pleading. Id. (citing Iqbal, 129 S. Ct. at 1950).

The Court will now consider each count in the Complaint based on the foregoing standard of review in the order of Defendants' arguments.

A. Whether Plaintiff has Adequately Plead a Claim in Count I – Violation of Civil Rights Pursuant to 42 U.S.C. § 1983.

Defendants contend Plaintiff's claims in Count I are vague and conclusory. Defendants state that municipalities and political subdivisions may not be held liable under theories of vicarious liability or *respondeat superior*. Further, Defendants contend the Complaint does not meet the higher standard required under 42 U.S.C. § 1983. Defendants contend Plaintiff alleges no specific facts and alleges no connection between the alleged policies and conduct of Defendants.

Plaintiff responds by arguing the Complaint has more than mere conclusory allegations related to this claim. Plaintiff believes he gave specific allegations of what Defendants did and did not do in regards to the police policies. Plaintiff directs the Court to paragraphs 4, 5, 12, and 13 of the Complaint.

Only two allegations are required to state a cause of action pursuant to 42 U.S.C. § 1983. First, that some person has deprived him of a federal right and second, that the person who has deprived him of that right acted under color of state or territorial law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). A Sheriff has the final policymaking authority for his agency and accordingly may render a municipality liable under Section 1983. Hemmings. v. Jenne, No. 10-61126-CIV, 2010 WL 4005333, at *2 (S.D. Fla. Oct. 12, 2010) (citing Hill v. Clinton, 74 F.3d 1150, 1152 (11th Cir. 1996); Lucas v. O'Loughlin, 831 F.2d 232, 235 (11th Cir. 1987), *cert denied*, 485 U.S. 1035 (1988)). However, a Sheriff cannot be held liable based on a *respondeat superior* theory. Hartley

v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999). Instead, a "plaintiff must establish a direct causal connection between a custom policy, practice, or procedure and the alleged constitutional deprivation." Hemmings, 2010 WL 4005333, at *2 (citing Bd. of Cty. Comm'rs of Bryan Cnty., Okla. v. Brown, 520 U.S. 397, 403-04 (1997); Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691-92 (1978)). A plaintiff can do so by either identifying an official promulgated policy or by identifying an unofficial custom or practice shown through the repeated acts of the final policymaker of the entity. Grech v. Clayton County, Ga., 335 F.3d 1326, 1320-30 (11th Cir. 2003). An isolated incident is not sufficient to establish a *de facto* policy. McDowell v. Brown, 392 F.3d 1283, 1290 (11th Cir. 2004) (citation omitted). Also, a plaintiff must establish that through deliberate conduct, the municipality was the moving force behind the alleged injury. Grech, 335 F.3d at 1330; Hemmings, 2010 WL 4005333, at *2. There is no heightened pleading requirement for such claims. Randall v. Scott, 610 F.3d 701, 709-10 (11th Cir. 2010) ("Pleadings for § 1983 cases involving defendants who are able to assert qualified immunity as a defense shall now be held to comply with the standards described in *Iqbal*. A district court considering a motion to dismiss shall begin by identifying conclusory allegations that are not entitled to an assumption of truth-legal conclusions must be supported by factual allegations. The district court should assume on a case-by-case basis that well pleaded factual allegations are true, and then determine whether they plausibly give rise to an entitlement to relief.").

Here, Plaintiff has alleged Defendant, in his official capacity as Sherriff of Lee County, had customs and *de facto* policies which were the moving force behind the deprivation of his Constitutional due process rights. The Complaint states the Sheriff

had customs and policies that entailed not supervising the deputies in the course of criminal investigations and tolerating wrongful arrests of citizens. (Doc. #1, ¶¶12-13). However, the Complaint does not describe any of Defendant Scott's customs or policies. The allegations regarding Defendants are such broad statements as "[t]he SHERIFF'S custom and de facto policy of not supervising or regulating their officers' in the court of their criminal investigations was deliberately indifferent to JOHNSON'S constitutional rights," (doc. #1, ¶12), and "failure to properly investigate and have proper probable cause, the SHERIFF knew or should have known that its custom and de facto policy would eventually cause the constitutional rights of a citizen within its jurisdiction, such as JOHNSON, to be violated by one of its deputies or detectives," (Doc. #1, ¶12). Plaintiff mentions no complaint or documentation of other instances when any of the Defendants acted improperly in the past. Instead, Plaintiff states only general and conclusory statements. Although a complaint "does not need detailed factual allegations," "mere labels and conclusions" do not meet Plaintiff's obligation to provide the grounds for his entitlement to relief. Twombly, 550 U.S. at 545. Therefore, the Court will dismiss Count I against Defendant Scott for failure to state a claim upon which relief can be granted.

    B.  <u>Whether the Deputies are entitled to Qualified Immunity regarding Count I.</u>

Defendants state Plaintiff does not allege he was arrested without probable cause. Moreover, Defendants contend Plaintiff's claim for wrongful arrest against the Deputies cannot viably stand whether or not there was probable cause to arrest Plaintiff. Further, Defendants state even if there was only arguable cause to arrest Plaintiff, then the deputies are entitled to qualified immunity. In response, Plaintiff contends that he

stated he was arrested without probable cause. Specifically, Plaintiff points to paragraphs 1 of page 4 and page 14 of the Complaint. Thereafter, Plaintiff contends that the claim is sufficient to survive a motion to dismiss.

"Probable cause to arrest exists when law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime. Probable cause determinations traditionally have been guided by reviewing the totality of the circumstances." United States v. Gonzalez, 969 F.2d 999, 1002 (11th Cir. 1992) (citing Beck v. Ohio, 379 U.S. 89 (1964); Illinois v. Gates, 462 U.S. 213 (1983)). "Probable cause itself is a doctrine of reasonable probability and not certainty." United States v. Magluta, 44 F.3d 1530, 1535 (11th Cir. 1995). Further, arguable cause exists when "under all of the facts and circumstances, an officer reasonably could – not necessarily would – have believed that probable cause was present." Crosby v. Monroe Cnty., 394 F.3d 1328, 1332 (11th Cir. 2004). So long as there was arguable probable cause, qualified immunity applies even if actual cause did not exist. McDonald v. Gee, No. 8:05-cv-141-T-MAP, 2006 WL 1540277, at *2 (M.D. Fla. May 31, 2006).

Reviewing the Complaint and taking the facts in the light most favorable to Plaintiff, it is not clear whether probable or arguable cause existed at the time of arrest. If only an individual named "Adam" was identified as a suspect in a burglary without anything more, then this is not sufficient to create probable or arguable cause. C.f. United States v. Murphy, 17 Fed.Appx. 545, 547 (9th Cir. 2001) (affirming probable cause existed when officers knew suspect's full name, physical description, and more); United States v. Taylor, 106 F.3d 801, 803 (8th Cir. 1997) (probable cause existed

when informant provided suspect's first name, address, phone number, and vehicle information). This is especially true if Plaintiff was not identified in the photo lineup as alleged in the Complaint. See e.g., White v. Brown, No. 08-606-ER, 2010 WL 1718205, at *5 (E.D. Penn. Apr. 28, 2010) (Plaintiff's arrest was grounded in the positive photo identification by an eyewitness). Based on Defendants' arguments, the motion to dismiss on this issue is due to be denied.

> C. Whether Plaintiff has Adequately Plead a Claim in Count II – False Imprisonment against all Defendants.

Defendants contend Count II is vague and fails to state a cause of action. (Doc. #10, at 9). Specifically, Defendants contend it is unclear whether Plaintiff is bringing a claim pursuant to state or federal law. (Doc. #10, at 9; Doc. #1, ¶¶27, 29). Defendants contend if Plaintiff is bringing the claim pursuant to state law, then Defendants are entitled to sovereign immunity. (Doc. #10, at 9). Further, if Plaintiff is bringing the claim pursuant to federal law, then Defendants contend they are entitled to qualified immunity based on the existence of arguable or probable cause. (Doc. #10, at 9-10). In response, Plaintiff avers that it has listed all of the necessary elements to allege a count for false imprisonment pursuant to Florida Standard Jury Instructions. (Doc. #14, at 7). Plaintiff makes no references to federal law.

As a preliminary matter, Florida's sovereign immunity statute renders the liability of the officers and their respective employers mutually exclusive. Fla. Stat. § 768.28. With respect to this issue, either the officer, or the employer, or neither is liable to plaintiff, but both cannot be liable to plaintiff. Perez v. School Bd. of Miami-Dade County, Fla., 917 F.Supp.2d 1261, 1268 (S.D. Fla. 2013). A plaintiff must therefore

plead his claims against each defendant separately. Id. Plaintiff may plead liability in the alternative, but must do so in distinct counts. Thus, the Complaint is due for an amendment and this count is due to be denied. Id.

Moreover, Florida Statute § 768.28 states when the state's sovereign immunity will be waived. A municipality can be liable for an intentional tort committed by an employee, provided that the action at issue was within the scope of the employee's employment, and the conduct did not involve bad faith, malicious purpose, or a wanton and willful disregard of human rights, safety, or property. Geidel v. City of Bradenton Beach, 56 F. Supp. 2d 1359, 1365 (M.D. Fla. 1999). The Complaint does not allege Defendants acted with bad faith, malicious purpose, or wanton and willful disregard. Accordingly, sovereign immunity does not apply here.

In the event Plaintiff intended to bring this claim pursuant to federal law; qualified immunity does not apply for the reasons stated previously. Nevertheless, for the foregoing reasons, Count II is due to be dismissed.

> D. <u>Whether Defendants are entitled to Sovereign Immunity from Plaintiff's Claim in Count III - Negligence against all Defendants.</u>

Defendants contend they are entitled to sovereign immunity in regards to Plaintiff's claim for negligence pursuant to Florida Statute § 768.28. Defendants assert Plaintiff has brought this claim against them in their individual capacity without alleging they were acting outside the scope of their employment, with bad faith, with malicious purpose, or with a willful disregard of human rights, safety or property. (Doc. #10, at 10-11). In response, Plaintiff contends there is a question as to whether Defendants Cole and Unknown Sheriff's Deputy(s) acted in bad faith, with malicious purpose, or

negligence. (Doc. #14, at 4) Plaintiff contends this is an issue that will be resolved during the discovery process. (Doc. #14, at 4). Plaintiff makes no argument with regard to Defendant Scott.

To state a claim for negligence under Florida law, a plaintiff must alleged the defendant owed the plaintiff a duty of care, the defendant breached that duty, and the breach caused the plaintiff to suffer damages. Lewis v. City of St. Petersburg, 260 F.3d 1260, 1262 (11th Cir. 2001) (citing Paterson v. Deeb, 472 So.2d 1210, 1214 (Fla.Dist.Ct.App. 1985)). However, municipalities are generally immune from tort liability but there are circumstances in which this immunity is waived. Id. (citing Fla. Const. Art. X, § 13; Fla. Stat. § 768.28(1)).

Upon review of the Complaint, the Court finds Plaintiff has failed to even allege that Defendants had a duty to Plaintiff. Accordingly, Plaintiff has failed to state a cause upon which relief can be granted. Count III is due to be dismissed.

### E. Whether Defendant Scott is entitled to Sovereign Immunity from Plaintiff's Claim in Count IV - Negligent Hiring and Training against Defendant Scott as Sheriff.

Defendants contend a negligent hiring tort claim arising out of Florida law only applies when the employee tortfeasor acts outside of the scope of employment. (Doc. #10, at 12). Here, Plaintiff states all Defendants were acting within the scope of their employment at all relevant times. (See Doc. #1, ¶¶2-4). Therefore, Defendants contend Plaintiff cannot maintain a claim for negligent hiring. (Doc. #10, at 12). Also, Defendants contend Plaintiff's negligent training claim is barred because of sovereign immunity.

(Doc. #10, at 13). Specifically, Defendants argue training is a discretionary activity and therefore Defendant is entitled to sovereign immunity. (Doc. #10, at 12-13).

Plaintiff counters in a confusing manner by citing blocks of case law most of which is not similar factually to the instant case. Plaintiff states creating a job position for a law enforcement officer is discretionary but the "actual filing of the job is operational." (Doc. #14, at 5). Although citing to case law related to employees operating *outside* the scope of their employment, Plaintiff suggests that negligent retention or supervision of police officers, albeit not the exact claim here, is a proper case. (Doc. #14, at 5-6). Also, Plaintiff states the Complaint is sufficient because it states Defendants had *de facto* policies of not supervising or regulating officers as well as ignoring and tolerating wrongful arrests of citizens.

A negligent hiring, retention, or supervision claim is allowed against an employer for acts of an employee committed outside the scope and course of employment. Garcia v. Duffy, 492 So.2d 435 (Fla. 2d DCA 1986); Santillana v. Florida State Court System, No. 6:09-cv-2095-Orl-19KRS, 2010 WL 271433, at *11 (M.D. Fla. Jan. 15, 2010) (citing Watson v. City of Hialeah, 552 So.2d 1146, 1148 (Fla. 3d DCA 1989); Garcia, 492 So.2d at 438). Here, Plaintiff has stated that at all times relevant to the actions arising in this matter, Defendants acted within the scope of their employment. (See Doc. #1, ¶¶2-4). Accordingly, Plaintiff has failed to state a cause of action in which relief can be granted in regards to the negligent hiring claim.

A successful negligent training claim demonstrates there was a failure to exercise a duty of care causing an injury and establishes that the training program did not involve a discretionary function. Wynn v. City of Lakeland, 727 F.Supp.2d 1309,

11

1316 (M.D. Fla. 2010). Defendants are correct in that claims challenging only discretionary acts are barred by sovereign immunity. Wynn, 727 F.Supp.2d at 1318. Decisions "regarding how to train its officers and what subject matter to include in the training is clearly an exercise of governmental discretion regarding fundamental questions of policy and planning." Lewis v. City of St. Petersburg, 260 F.3d 1260, 1266 (11th Cir. 2001); Bussey-Morice v. Kennedy, No. 6:11-cv-970-Orl-36GJK, 2013 WL 71803, at *5 (M.D. Fla. Jan. 7, 2013). Here, Plaintiff contends that Sheriff Scott "failed to **establish and implement** operating rules, procedures, and regulations in the Lee County Sheriff Office to ensure the safety of residents and the protection of their civil rights...." (Doc. #11, ¶38) (emphasis added). See generally, Mercado v. City of Orlando, 407 F.3d 1152, 1162 (11th Cir. 2005). The Court reads this language to challenge the creation of rules within the training program, a discretionary act, and the implementation of the training program, an operational act. Thus, to the extent Plaintiff's claim regards the implementation of the training program, sovereign immunity does not bar the claim. To the extent Plaintiff's claim regards the establishing and creating training rules, such a claim is barred by sovereign immunity and therefore is due to be dismissed.

Accordingly, it is now

**ORDERED:**

Defendants' Motion to Dismiss (Doc. #10) is **GRANTED in part and DENIED in part**. Count I is **dismissed** against Defendant Scott only. Count II is **dismissed**. Count III is **dismissed**. Count IV is **dismissed** with regard to the negligent hiring claim and the discretionary aspects of the negligent training claim. Plaintiff may file an amended complaint on or before **November 15, 2013**.

**DONE** and **ORDERED** in Fort Myers, Florida this 1st day of November, 2013.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record