UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ADAM J. JOHNSON,

    Plaintiff,

v.                                                                                                    Case No: 2:13-cv-500-FtM-38CM

MIKE SCOTT, THOMAS W. COLE
and UNKNOWN SHERIFF'S
DEPUTY(S),

    Defendants.

## ORDER

Before the Court is Defendants' Motion to Compel and Memorandum of Law ("Motion to Compel") (Doc. 27), filed on June 30, 2014. No response to the Motion to Compel was filed by Plaintiff, and the time for doing so has expired. Upon consideration, the Motion to Compel is due to be granted.

### I. Background

On November 12, 2013, Plaintiff filed an Amended Complaint (Doc. 16) alleging that Defendants violated Plaintiff's civil rights under 42 U.S.C. § 1983 and asserting additional claims for false imprisonment and negligence arising from Plaintiff's October 29, 2009 arrest. Plaintiff contends that, as the result of his arrest, he suffered:

> shame, embarrassment, mortification and disgrace, great mental anguish including depression, anxiety, fear, and loss of capacity for the enjoyment of life, medical expenses, past and future lost wages and the violation of his due

> process rights, civil rights, privacy right[s], and other physical and mental injuries . . . .

Doc. 16 at 8, 10-11, 16, 19, 25, 28 (Counts I, II, IV, V, VII and VIII). Plaintiff also claims that he suffered:

> bodily injury and resulting pain and suffering, permanent disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical care, nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition.

*Id.* at 12, 20, 29 (Counts III, VI and IX).

Defendants assert, *inter alia*, that probable cause or arguable probable cause existed for Plaintiff's arrest, they are entitled to qualified and sovereign immunity and Plaintiff failed to act reasonably in mitigating his damages. Doc. 17 at 8. On February 25, 2014, Plaintiff filed a Notice of Waiver of Personal Injury Claims ("Waiver") (Doc. 25), stating that he intended to waive his claims for personal injury but that "all other forms of damages and prayers for relief, stand." Doc. 25 at 1.

During the course of discovery in this matter, Defendants served interrogatories combined with requests for admission and requests for production (Doc. 27-1). Defendants filed the Motion to Compel on June 30, 2014, requesting that the Court compel better answers to Interrogatory Number 24 and Request to Produce Number 26.[1] Plaintiff did not respond to the Motion to Compel. Instead, on July 2, 2014, Plaintiff filed a motion for extension of the time for disclosure of expert witnesses (Doc. 28), which was granted by the Court on July 9, 2014 (Doc. 29).

---

[1] Discussed more fully in section II, *infra*.

Plaintiff also filed a Notice of Withdraw [sic] of the Waiver of Mental and Emotional Injury/Damage Claims ("Notice of Withdrawal") (Doc. 30) on July 22, 2014. In his Notice of Withdrawal, Plaintiff indicated that he previously waived his personal injury claims "not wanting to go through the discovery process related to his past mental and emotional problems and not have these issues litigated," but because Defendants explored those areas during Plaintiff's deposition, Plaintiff withdrew his waiver. Doc. 30 at 1. He further explained:

> Since the Defendants insist on making these damages an issue in the instant action and conducting discovery related thereto, the Plaintiff withdraws his waiver of damages related to same and demands judgment related to the same, if awarded by the jury.

*Id.*

Upon review of Plaintiff's Notice of Withdrawal, it was unclear to the Court whether Plaintiff maintained his objections to the discovery requests or intended to produce the requested documents and information. Because Plaintiff had not filed a response to Defendants' Motion to Compel, on August 5, 2014 the Court directed Plaintiff to file a response on or before August 11, 2014 and clarify whether he maintained his objections in light of his withdrawal of the waiver. Doc. 31. Plaintiff failed to respond to the Court's Order.[2] Thus, the Court will rule on the

---

[2] On August 12, 2014, Defendants filed a Motion for Leave to File Response (Doc. 32), requesting to address the issues raised by Court's August 5 Order. Because the Court will grant Defendants' Motion to Compel, further response from Defendants is not warranted at this time. Accordingly, Defendants' Motion for Leave to File Response will be denied. The Court notes that discovery in this matter does not close until October 2, 2014. In the event that outstanding discovery disputes remain, as Defendants suggest in their motion for leave to respond, Defendants may file appropriate motions with the Court after meeting and conferring with opposing counsel in good faith, as required by Local Rule 3.01(g).

Motion to Compel without the benefit of a response.

## II. Discussion

Defendants request that the Court compel better answers to Interrogatory Number 24 and Request to Produce Number 26, to which Plaintiff objected on relevance grounds in light of his waiver of personal injury claims. Specifically, Interrogatory Number 24 states:

> List every mental health professional you have visited in the last ten years, along with the contact information for each mental health professional.

Doc. 27-1 at 10. Request to Produce Number 26 states:

> Produce copies of any and all medical, hospital, or doctor records and bills, including bills for prescriptions, incurred by you for treatment of any injuries, physical or psychological, allegedly suffered as a result of the incidents described in your Amended Complaint.

Doc. 27-1 at 11. Plaintiff responded to both Numbers 24 and 26 as follows:

> Response: Objection. Relevance, the Plaintiff has waived all claims in personal physical injury.

Doc. 27-2 at 6, 7. As noted by Defendants, in Plaintiff's response to Interrogatory Number 5, Plaintiff claimed to have suffered "emotional damages and depression" as a result of his being incarcerated after his arrest.[3] Doc. 27-2 at 2. Defendants also represent that, following Plaintiff's June 9, 2014 deposition during which he testified

---

[3] Plaintiff signed his notarized responses to the interrogatories and requests for production on February 22, 2014. *See* Doc. 27-2 at 8. The Certificate of Service signed by Plaintiff's counsel and attached to the responses states that they were served on opposing counsel on February 25, 2014, the same day that Plaintiff filed his Notice of Waiver of Personal Injury Claims (Doc. 25). *See* Doc. 27-2 at 9.

"regarding his extensive history of mental health treatment," counsel for Plaintiff agreed to respond to the requests, but as of the date the Motion to Compel was filed Plaintiff had not done so. Doc. 27 at 3.

"'The discovery process is designed to fully inform the parties of the relevant facts involved in their case.'" *United States ex rel. Baklid-Kunz v. Halifax Hosp. Med. Ctr.*, No. 6:09-cv-1002-Orl-31TBS, 2012 WL 3537070, at *3 (M.D. Fla. Aug. 14, 2012) (quoting *U.S. v. Pepper's Steel & Alloys, Inc.*, 132 F.R.D. 695, 698 (S.D. Fla. 1990)). Pursuant to Rule 26(b), Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). Information is relevant if it "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* District courts have broad discretion in managing pretrial discovery matters, *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002), and whether to grant a motion to compel is within the Court's discretion. *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984).

In a case similar to the one under review, the court granted a motion to compel production of the plaintiff's mental health, drug and/or alcohol treatment and medical records where the plaintiff's claims put his mental and physical health at issue. *Walker v. City of Orlando*, No. 6:07-cv-651-Orl-19DAB, 2007 WL 3407409 (M.D. Fla. Nov. 13, 2007). The plaintiff in that case also alleged civil rights and state law

violations stemming from his arrest, specifically, the use of excessive force by an individual law enforcement officer and that the City of Orlando "failed to properly train the officers and had a custom or policy allowing the use of excessive force."[4] *Id.* at *1. The plaintiff there sought claims for bodily injuries, pain and suffering and mental anguish due to the circumstances surrounding his arrest. In granting the motion to compel, the court stated:

> Plaintiff's claims for damages for "mental anguish," as pled in the Complaint, have placed his mental health in issue. Therefore, Defendant is entitled to discover, within reason, the state of Plaintiff's mental health . . . .

*Id.* That court also noted that "[c]ourts considering the issue have generally found that the identities of health providers, the dates of treatment, and the nature of the treatment are relevant to claims for emotional distress damages." *Id.* (quotation marks omitted).

Here, Plaintiff has asserted claims both for physical and mental injuries, including mental anguish, depression, anxiety and fear. He has placed his mental health at issue. The Court therefore finds that the documents and information sought in the Motion to Compel are relevant to the claims and defenses raised in this action, and thus are discoverable. Moreover, since objecting to Defendants' Interrogatory and Request to Produce on the grounds that the information is

---

[4] Although Plaintiff here does not raise excessive force claims, he alleges false arrest by the individual officer and that the Lee County Sheriff's Office has a "long standing de facto policy" of making arrests without proper investigation and/or obtaining arrest warrants without sufficient probable cause and not supervising or regulating its officers' criminal investigations. *See, e.g.*, Doc. 16 at 3-4.

irrelevant in light of his waiver of personal injury claims, Plaintiff has withdrawn that waiver. Plaintiff's objection is overruled, and he is therefore ordered to identify all information requested by Interrogatory Number 24[5] and produce all documents requested by Request to Produce Number 26.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendants' Motion to Compel and Memorandum of Law (Doc. 27) is **GRANTED**. Plaintiff shall provide the information requested by Interrogatory

---

[5] Plaintiff's sole objection to Interrogatory Number 24 is that the information sought is irrelevant in light of Plaintiff's waiver of personal injury claims. *See* Doc. 27-2 at 6. The Federal Rules of Civil Procedure make it clear that "[t]he grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). "The party resisting discovery carries the burden to show specifically how the objected-to request is unreasonable or otherwise unduly burdensome." *Gonzalez v. ETourandTravel, Inc.*, No. 6:13-cv-827-Orl-36TBS, 2014 WL 1250034, at *2 (M.D. Fla. Mar. 26, 2014). Although Rule 33(b)(4) allows the Court to excuse a party's failure to *timely* file objections upon a showing of good cause, that Rule does not provide the Court with the discretion to excuse a party's failure to raise a particular objection at all. Accordingly, because Plaintiff did not object to the scope of Interrogatory Number 24, he has waived any such objection.

Even assuming *arguendo* that Plaintiff had objected to the scope, the objection would be overruled. Here, Plaintiff alleges damages arising out of his arrest on October 29, 2009, *see* Doc. 16 at 3, and Defendants served their discovery requests on January 31, 2014. Interrogatory Number 24 therefore seeks information for approximately five years before and after Plaintiff's arrest, a time period which, under the facts of this case, does not appear to be unreasonable. *See, e.g., Collins v. Marriott Int'l, Inc.*, No. 09-22423-CIV, 2010 WL 4514200, at *1, *2 (S.D. Fla. Nov. 2, 2010) (court ordered production of information as to decedent's mental health treatment and providers for five years preceding his death); *Walker*, 2007 WL 3407409, at *1 (defendant entitled to discover "the state of Plaintiff's mental health" for about two years after events alleged in the complaint); *Zaffis v. City of Altamonte Springs*, No. 6:06-cv-385-Orl-31DAB, 2007 WL 1796255 (M.D. Fla. June 20, 2007) (defendants entitled to plaintiff's mental health records dating back nearly eighteen years); *White v. De La Osa*, No. 07-23381-CIV, 2011 WL 5873036, at *5 (S.D. Fla. Nov. 22, 2011) (defendants entitled to know whether plaintiff ever received mental health treatment).

Number 24 and Request to Produce Number 26 within **fourteen (14) days** of the date of this Order. The parties are encouraged to resolve any concerns over privacy or confidentiality issues regarding the information or records to be produced by stipulation among the parties without further Court intervention.

    2.    Defendants' Motion for Leave to File Response (Doc. 32) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 2nd day of September, 2014.

*[signature]*

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record